39359. GENTRY v. THE STATE.

CLARKE, Justice.

Appellant shot and killed Tony Jackson in January, 1982. Appellant alleged that Jackson threatened him with the stick from a plunger during an argument. Appellant was indicted for murder and for possession of a firearm by a convicted felon. He pled guilty to the possession of a firearm count and was tried for the murder, convicted, and sentenced to life imprisonment. He appeals, citing four enumerations of error. Since he raises no issue of the sufficiency of the

evidence, we will discuss only such facts as are necessary to deal with the enumerations of error.

1. In his first enumeration of error appellant contends that the trial court erred in allowing testimony of past crimes. The testimony of which he complains was that of two men who testified that appellant had shot at them in 1977 and 1978 when they were unarmed.

Appellant testified that he entered guilty pleas as to these shootings. Under this court's decisions in *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980); *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977); and *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976), we find that the evidence was properly admitted. It was shown that appellant was the perpetrator of these prior assaults. These acts were sufficiently similar to the present shooting so that proof of these former attacks on unarmed men tends to show that appellant was likely to respond to a disagreement with a gun. In all three incidents the gun used was a .22 caliber gun. Since appellant claimed self-defense, evidence of previous unprovoked attacks was relevant to show malice, intent, motive, and bent of mind. The court carefully charged the jury that they must consider the evidence of the prior incidents only as it might tend to illustrate appellant's identity, motive, plan, scheme, bent of mind or course of conduct.

2. Gentry assigns error to the admission of evidence of a confidential communication between him and his wife. The record reveals an objection was made to the offering in evidence of a letter which Gentry allegedly wrote to his wife. Although the letter was identified by Gentry, it was never offered in evidence. The only testimony regarding the letter was its identification and subsequent questions regarding statements made by Gentry. There was no objection to the questions regarding these statements. Furthermore, according to the record, Gentry and the recipient of the letter were not married at the time of the trial and there is no indication that they were married at the time the letter was written or the statements were made. Even though OCGA § 24-9-21 (1) (Code Ann. § 38-418) protects certain confidential communications, we do not find a violation of this statute in this case.

3. In his third enumeration of error, appellant complains that the court failed to sever the two counts of the indictment. Since he entered a guilty plea as to the charge of possession of a firearm by a convicted felon, and since he was tried only for murder, we need explore this enumeration of error no further to find it to be without merit.

4. Finally, appellant complains that the state withheld exculpatory evidence from him in connection with statements made

by Freddie Jackson. The State insists, and appellant does not deny, that he had access to the entire file of the State. Further, he does not specify what these statements would have shown or how they would have helped his case. Finally, since there is no evidence that the State ever interviewed Freddie and since he did not testify at trial, we cannot find that appellant has been denied access to exculpatory information. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1983.

*Burton & Leonhardt, Thomas L. Burton, Robert A. Meier IV,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Margaret V. Lines, Assistant District Attorneys, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.