## 39646. LANCASTER v. THE STATE.

HILL, Chief Justice.

Defendant was found guilty of murder in the stabbing of Boozie Baker and sentenced to life imprisonment. On appeal he enumerates three errors.

The day before the victim's death, the defendant moved in with his sister, Margaret Lancaster, and her fiance, the victim, who had been living there for several months. On February 16, 1982, the victim picked Margaret up at work about 8:00 p.m. When they arrived at Margaret's apartment, defendant and another sister, Sharon Mitchell, were arguing over defendant's reprimanding Margaret's 7-year-old son, Tommy.

Everyone except the victim, defendant and Tommy went to K-Mart. Regina Higgins arrived shortly. Regina testified that defendant went to the kitchen and began arguing with the victim. She could not hear the entire conversation but did hear Tommy's name mentioned several times. Defendant left the kitchen, went upstairs to the bedroom area, and returned to the kitchen in a few minutes. Regina testified that on his return trip defendant had a knife in his right hip pocket. Tommy testified that defendant held the knife in his right hand, down by his leg. Defendant went into the kitchen and resumed arguing with the victim. Both men approached each other, separated by the small kitchen table. Defendant pushed the victim; the victim approached defendant again, reaching for something on the table; and defendant brought his right hand up in a sweeping motion, striking the victim in the chest. The victim fell backwards and to his knees. The victim rose and struggled out the back door. Defendant followed the victim but was stopped when he ran into a clothesline.[1] Defendant yelled at the victim, "You're dead. . . ." The defendant's observation proved to be correct.

Defendant quickly returned to the apartment, carrying the bloody knife in his right hand. He went upstairs, came down, grabbed

[1] A witness sitting in the alley testified to this.

a jacket, and told Regina to stay there with Tommy as he left.

The autopsy report showed the victim died of a single stab wound to the heart. It also showed he had a blood alcohol level of 0.13. There was some evidence that the victim resented defendant's moving into the apartment. Several witnesses testified seeing a knife on the kitchen table, but no knife was recovered from the table during the police search. The knife which caused the victim's death was not recovered.

1. Defendant contends that the trial court erred in refusing to allow Regina to testify as to her opinion on what would have happened if the victim had reached a knife on the table. He claims this ruling was highly prejudicial to his self-defense theory.

" ' "The rule is clearly settled that apprehensions or opinions of third parties, that the accused is in imminent danger, are not relevant. But facts from which apprehension might reasonably be inferred, as distinct from opinion, are relevant when stated or shown by third parties." [Cits.]' " *Milton v. State,* 245 Ga. 20, 24 (262 SE2d 789) (1980); see also OCGA § 24-9-65 (Code Ann. § 38-1708). Upon examination Regina testified fully on the facts from which defendant's apprehension could be inferred. This enumeration is without merit.

2. Defendant's third enumeration alleges as error the trial court's decision to allow 7-year-old Tommy to testify. Defendant claims Tommy did not indicate he understood the nature of an oath and his obligation to tell the truth.

The competency of a witness is decided by the trial court, OCGA § 24-9-7 (a) (Code Ann. §§ 38-1601, 38-1610 et seq.), and an appellate court will overrule that determination only where there is an abuse of discretion. *Allen v. State,* 150 Ga. App. 605, 607 (258 SE2d 285) (1979). Here the trial court, using suggested questions from the Criminal Benchbook for Georgia Superior Courts (p. 166) examined Tommy as to his understanding of the nature of an oath and the necessity for telling the truth. The trial court found Tommy competent. We find no abuse of discretion.

3. Finally defendant contends the trial court erred in refusing to charge on involuntary manslaughter (OCGA § 16-5-3 (Code Ann. § 26-1103)) after a timely, written request was made. He contends he was committing a lawful act, self-defense, but did so in an unlawful manner, by using excessive force. OCGA § 16-5-3 (b) (Code Ann. § 26-1103). He also asserts that the victim was the aggressor because he reached for a knife first.

We note that OCGA § 16-5-3 (a) (Code Ann. § 26-1103) was properly not charged because defendant's action would constitute a felony (assault with a deadly weapon). See *Crawford v. State,* 245 Ga.

89, 92 (263 SE2d 131) (1980).

Defendant cites our decision in *Crawford,* supra, for the proposition that, although excessive force by use of a gun in self-defense will not authorize an involuntary manslaughter (b) charge, excessive force by use of a knife may (245 Ga. at 94). He points out that the Court of Appeals has held it can be error to not charge on involuntary manslaughter (b) where a knife was used in self-defense.[2] *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180) (1977). While we agree with the rule in *Jackson* and defendant's interpretation of our decision in *Crawford,* neither is applicable here.

A person is not justified in using force which is intended or likely to cause death or great bodily harm when such person is the aggressor or was engaged in combat by agreement unless he withdraws from the encounter and effectively communicates to the other person his intent to do so. OCGA § 16-3-21 (Code Ann. §§ 26-902, 27-207). Here defendant and the victim had been arguing heatedly for several minutes when defendant left the kitchen and returned with a knife. Defendant then approached the victim and shoved him. The victim approached defendant, possibly reaching for a knife, and defendant raised his knife and stabbed the victim in the heart. He then ran after the victim, yelling "You're dead. . . ." The defendant did not testify and there is no evidence that the victim was killed without any intention to do so. OCGA § 16-5-3 (b) (Code Ann. § 26-1103). The trial court did not err by refusing to charge on involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 1983.

*Robert B. Silliman,* for appellant.

*Thomas J. Charron, District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.

---

[2] The appellant was being beaten by the victim when she picked up a knife and began jabbing at him. The victim continued beating appellant, despite being knicked with the knife, until she jabbed him in the chest and was able to get away.