## 41608. SPORT v. THE STATE.

(324 SE2d 184)

WELTNER, Justice.

Jerry Sport shot and killed Arthur Glover with a handgun. He appeals his conviction of murder and sentence to life imprisonment.[1]

1. Sport contends that the trial court improperly allowed the state to reopen its case to present a witness who had been shot by Sport in an unrelated incident.

The witness, Eddie Shields, testified that Sport shot him with a .22 caliber revolver during a dice game in an argument over a debt. This occurred on the day before Sport killed Glover. Prior to this testimony, the court charged the jury that they were to consider the evidence only to show Sport's "bent of mind, in other words, his alleged propensity for the offensive use of a pistol." In turn, the trial court offered to allow Sport to reopen his defense in order to respond to this additional evidence, but he declined.

In *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), we held that evidence of prior criminal actions are admissible if relevant to the issues in the present case. The state must show, however, that the defendant was in fact the perpetrator of the prior action and that sufficient similarity exists between the prior action and the offense charged. *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982). Once this foundation is laid, evidence of prior crimes is admissible to show motive, intent, plan, identity, bent of mind or course of conduct.

---

[1] The date of the crime was October 25, 1982. Sport was convicted on July 6, 1984. He filed his notice of appeal on August 3, 1984. The transcript was filed in the superior court on September 14, 1984, and the appeal docketed in this court on October 11, 1984. The case was submitted on November 23, 1984.

Shields' testimony revealed that he had been shot by Sport the day before, with a similar, if not the same, weapon, in an argument over money. This evidence demonstrated Sport's bent of mind and propensity for use of a pistol. In view of the limited purpose for which the evidence was admitted, the trial court did not abuse its discretion in admitting the testimony.

2. Sport's second enumeration of error alleges that the medical testimony failed to establish a causal connection between the wound and the victim's death. A physician testified that the cause of death was "pneumonia and the pneumonia was caused by the paralysis of his lungs, not the lungs but the breathing muscles that allowed him to breathe properly and this was caused by the gunshot wound to the head." It cannot be questioned then that the bullet wound was *causa mortis*. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED JANUARY 7, 1985.

*Daniel J. Craig,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.