## 42287. BROCK v. THE STATE.
(333 SE2d 593)

CLARKE, Justice.

Appellant was convicted of the murder of Charlie Ponder and sentenced to life imprisonment.[1] In a statement to police he admitted shooting Ponder, with whom he had been arguing, but stated that he intended only to shoot him in the leg. At trial he testified that he was afraid of Ponder and shot him to prevent Ponder's shooting him. Over objection by appellant a police officer testified that he had gone to appellant's house on three occasions because of allegations that he had been firing his rifle. Appellant moved for a mistrial, which was denied. The denial of the mistrial is the basis of the only enumeration of error.

1. The evidence in the case is sufficient to support the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The police officer who arrested appellant testified as to previous incidents involving appellant's discharging a rifle outside of or in his apartment. The trial court admitted evidence of these incidents because they were similar transactions showing intent, scheme or motive. Appellant insists that the court erred in failing to grant a mistrial because 1) the testimony of the officer was hearsay; and 2) there

---

[1] The crime was committed on May 8, 1984, and Brock was indicted June 12, 1984. He was convicted October 3, 1984, and filed a motion for new trial October 30, 1984. The motion for new trial was overruled February 22, 1985. Brock filed his notice of appeal March 20, 1985. The transcript of evidence was filed April 15, 1985, and the case docketed in this court April 22, 1985. The case was submitted for opinion June 7, 1985.

was no similarity between the prior transactions and the crime for which appellant was on trial.

Appellant relies upon *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), in support of his contention that the testimony of the officer was hearsay. *Momon* deals with the hearsay problem which arises when an officer testifies as to information, letters, conversations, and replies which he gathers or hears during a legal investigation. We held that where this testimony is offered to explain the conduct of the officer it is admitted as original evidence but that where the conduct or motive of the officer is not at issue then the information upon which he acted is not admissible. Here, the question is not admissibility of information received by the officer. It is, rather, the admissibility of the officer's testimony regarding his observation when he went to appellant's apartment on three other occasions to answer complaints that the appellant was holding a rifle and the admissibility of a statement by the appellant on each occasion that he had fired the gun to see if it was in working order. The first is not hearsay at all and as to the second, it is admissible as an admission. There was, furthermore, no hearsay objection.

The second question is whether appellant's firing a rifle on these other occasions was a similar transaction. In *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976), we set out the test for the admissibility of evidence of independent crimes as follows: 1) there must be evidence that the defendant was in fact the perpetrator of the prior offense; 2) there must be sufficient correlation between the offense and the crime for which defendant is on trial so that proof of the former tends to prove the latter. The same test is used for the admissibility of evidence of similar transactions which might place a defendant's character in evidence. *Davis v. State*, 249 Ga. 309 (290 SE2d 273) (1982).

Appellant's counsel argued to the trial court that these earlier incidents were not relevant to show intent because there is no indication that on the previous occasions he shot at anyone or even pointed the rifle at anyone. The trial court found that evidence of appellant firing a rifle in a highly concentrated residential area could be considered by the jury in determining the presence of malice or intent. We agree. The question is relevance. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). Where the defense to a shooting growing out of a quarrel is self-defense, the fact that appellant was in the habit of periodically firing a gun in a crowded residential area just to be sure that it was still in working order is relevant to his intent or motive. Cf. *Saylors v. State*, 251 Ga. 735 (309 SE2d 796) (1983) (defendant's prior activity with knives was relevant in his trial for the stabbing death of victim and admissible even though it might incidentally tend to impugn his character). There was no error here in the court's allowing the officer's testimony, and the motion for mistrial was prop-

erly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton,* District Attorney, *Michael J. Bowers,* Attorney General, for appellee.