## 42937. BYRD v. THE STATE.
### (341 SE2d 453)

WELTNER, Justice.

Maurice Oscar Byrd was convicted of malice murder by shooting and killing Freddie Oliver Johnson with a handgun, and of armed robbery. He was sentenced to two consecutive terms of life imprisonment.[1]

The jury heard evidence from which it could have determined that Byrd rode in a van owned by one O. C. Green while Green made deliveries to liquor stores; that while Green was making his last delivery of the day, Byrd entered the liquor store; that he drew two guns on the store manager, ordered him to remove money from the cash register, and then to walk into a small room, where he shot him in the back four times. Byrd testified that he was with O. C. Green but that he left before Green entered the liquor store where the killing occurred.

1. The evidence was sufficient to sustain the conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Byrd alleges that the trial court erred in admitting the following evidence:

(a) Evidence of a prior crime: Byrd was convicted in 1982 in St. Louis, Missouri, for murder and armed robbery. Testimony revealed that Byrd entered a cafeteria wearing a uniform which identified him as a pest control company employee. He robbed a safe and took four witnesses into an inner office where he shot them in the back of the head with a handgun. This crime took place seven months prior to the liquor store robbery and murder. The evidence was of sufficiently similar conduct, and the trial court did not abuse its discretion in admitting this testimony. *Sport v. State*, 253 Ga. 689 (324 SE2d 184) (1985).

(b) James Mydell's testimony: Byrd asserts that a detective directed James Green to solicit his cellmate, Mydell, to acquire incriminating statements from Byrd, making Mydell an agent of the state and causing Byrd's confessions to be inadmissible under *United States v. Henry*, 447 U. S. 264 (100 SC 2183, 65 LE2d 115) (1980). There is no evidence that Mydell was an agent of the state, and there was no error. *Baxter v. State*, 254 Ga. 538, 545 (12) (331 SE2d 561) (1985).

(c) Evidence seized pursuant to search warrants: There being sufficient evidence to support the issuance of the search warrants, there

---

[1] The crime occurred on May 21, 1981. The defendant was convicted on October 31, 1983. A motion for a new trial was filed on October 31, 1983 and denied on August 9, 1985. Notice of appeal to this court was filed on September 5, 1985. The case was docketed on November 22, 1985 and argued on January 23, 1986.

was no error. *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).

(d) Identification testimony: Byrd alleges that the photographic lineup was impermissibly suggestive. He claims that he was shown in full view with his hands handcuffed behind his back and wearing prison garb, while the other photographs were of the faces only of subjects in street clothing. A review of the photographs negates these allegations. Three other pictures show subjects from the waist up; Byrd's clothes are indistinguishable from street clothes; no handcuffs are visible. There was no error. See *Jones v. State*, 251 Ga. 361 (1) (306 SE2d 265) (1983). See generally *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984).

(e) Photographic evidence: Byrd asserts that the trial court erred in admitting certain photographs of the victim. The photographs were relevant and material. There was no error. *Jones v. State*, 249 Ga. 605, 608 (293 SE2d 708) (1982).

3. Byrd alleges that the trial court erred in refusing to allow him to cross-examine O. C. Green concerning his polygraph examination. Green admitted that he was charged with murder and armed robbery; that he was testifying in exchange for a plea agreement; that he changed his statement to the police after he was assured that Byrd was in custody. Byrd contends that Green changed his statement *after* "failing" a polygraph examination. The trial court did not abuse its discretion in limiting Byrd's cross-examination to exclude this evidence. *Stone v. State*, 250 Ga. 718, 719 (300 SE2d 500) (1983).

4. Byrd contends that the trial court should have dismissed the indictment for prosecutorial misconduct in the knowing use of perjured testimony. In a pre-trial hearing, Byrd attempted to have the testimony of James Green excluded by showing that a detective had requested that James Green be placed in the same cell block as Byrd, in order to gather information. The detective denied making such a request. However, Byrd's counsel presented evidence at the start of the trial that in a prior hearing in St. Louis, the same detective had admitted making this request. The state did not use James Green's testimony at trial, nor did the jury hear testimony from the detective about James Green. There was, consequently, no perjured testimony which could constitute trial error. *Smith v. Zant*, 250 Ga. 645 (301 SE2d 32) (1983).

5. Byrd contends that the trial court erred in denying his request for an *in camera* inspection of police files of the St. Louis investigation to determine whether there was any exculpatory material. The trial court conducted an *in camera* inspection of those St. Louis files which were in the possession of the district attorney, and found no exculpatory material. The trial court was not required to inspect evidence not in the prosecution's files. *Hines v. State*, 249 Ga. 257 (1) (290 SE2d 911) (1982). See also *Lariscey v. State*, 254 Ga. 241 (2) (3)

(328 SE2d 213) (1985). The inspection in fact having been made, there was no error.

6. Byrd claims that the state failed to give to him within ten days of trial copies of statements made by him in confinement. We have examined copies of the documents furnished to Byrd — which he contends are incomplete — and find them to be adequate and timely. There was no error. *White v. State*, 253 Ga. 106, 108 (2) (317 SE2d 196) (1984).

7. Byrd asserts that the district attorney's closing statement entitled him to a mistrial. The district attorney stated, "When O. C. [Green] told, he became a loose end that Maurice [Byrd] said he wished he'd killed, too. He ties up his loose ends." Byrd's counsel objected to this statement as presenting evidence which was not before the jury. The record shows that Byrd's cellmate, Mydell, was asked, "Okay, did he say anything about O. C.'s involvement?," to which Mydell stated, "No, the only thing he said, he should have killed O. C." The district attorney's comment on the evidence was not inappropriate. *Spivey v. State*, 253 Ga. 187, 189 (3) (a) (319 SE2d 420) (1984).

*Judgment affirmed. Marshall, C. J., Clarke, P. J., Smith, Gregory and Bell, JJ., concur.*

DECIDED APRIL 9, 1986.

*G. Terry Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General*, for appellee.