## 44097. HAYWOOD v. THE STATE.

(353 SE2d 184)

BELL, Justice.

Appellant John Reese Haywood was convicted of malice murder

and sentenced to life imprisonment.[1] He appeals, and we affirm.

On the afternoon of February 9, 1985, the victim, Ernest "El Toro" Broughton, drove his two cousins, Bonnie Cunningham and Brenda Corden, who were visiting from New York, to the Ingram Trailer Park in Buford to see a friend, Evelyn Ramsey. At this same time, the appellant, Haywood, was on his way to the home of Evelyn Ramsey, who was his niece. Ramsey owed Haywood some money which he was to pick up that afternoon.

Haywood had been drinking heavily on a daily basis for approximately two weeks. On the morning of the shooting, Haywood and several friends had started drinking a variety of alcoholic beverages at about 6:00 a.m. In the early afternoon, Haywood got a friend to drive him to the bank, where he withdrew some money to wire to his daughter. After returning home, Haywood, who stated that he realized he was too intoxicated to drive, got a neighbor to drive him to the Ingram Trailer Park. After letting Haywood out of the car in front of the niece's trailer, the neighbor drove down to the end of the street to turn around. Haywood stated that after alighting from the car he blacked out. He remembered nothing about what transpired at the trailer park. The facts of the shooting were related by the other witnesses.

Cunningham and Corden testified that they had just gotten out of the car when Haywood approached them waving a gun. Broughton told Haywood not to point the gun at him. Without any further exchange of words, Haywood aimed his weapon and shot the victim in the head. Broughton died of extensive brain lacerations caused by this gunshot wound. After the shooting, Haywood walked over to Broughton and told him to get up because he was just playing with him. By this time, the neighbor had driven back up the street. Haywood reentered the car and was driven home. Haywood gave the murder weapon to a friend and instructed him to get rid of it. Haywood was arrested at his home a short time later and the gun was retrieved. At the time of his arrest, Haywood's blood alcohol level was .30.

After reviewing the evidence in this case in the light most favorable to the prosecution, we conclude that it was sufficient to sup-

---

[1] The victim was slain on February 9, 1985. Appellant was indicted on April 16, 1985. He was tried before a jury on June 3 and 4, 1985, and on June 4 the jury returned its verdict. The sentence was filed on June 6. Appellant filed a motion for new trial on June 25, 1985. On August 15, 1985, the court reporter certified the transcript. On March 24, 1986, the court entered an order, finding that appellant was indigent and appointing counsel to represent him. Appellant amended his motion for new trial on September 4, 1986. The superior court heard the motion for new trial on October 16, 1986, and on the following day entered an order denying the motion. Appellant filed his notice of appeal on November 12, 1986, and the record was docketed in this court on November 21, 1986. The case was submitted for decision without oral arguments on January 2, 1987.

port the jury's finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his enumerations of error, Haywood raises two issues. Initially, Haywood alleges that it was reversible error for the court to refuse to give his requested charge regarding intoxication. The pertinent portion of the requested charge was as follows: "If because of the influence of alcohol one's mind becomes so impaired as to render him incapable of forming an intent to do the act charged, or to understand that a certain consequence would likely result from it, he would not be criminally responsible for the act." We find no error, as we have repeatedly held that voluntary intoxication is not in and of itself a defense to a crime. OCGA § 16-3-4; *Gilreath v. State*, 247 Ga. 814, 831 (13) (279 SE2d 650) (1981); *Harris v. State*, 250 Ga. 889 (302 SE2d 104) (1983). This enumeration of error is therefore without merit.

2. In his second enumeration of error, Haywood contends that the trial court improperly allowed the state to introduce evidence of a previous unrelated shooting in which he was involved. We disagree. As a general rule, the prior crimes of a defendant are inadmissible in evidence, because they place a defendant's character into evidence. OCGA § 24-2-2; *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). However, we have held that evidence of prior similar acts is admissible for certain limited purposes such as showing identity, motive, plan, scheme, bent of mind, and course of conduct. *Hooks v. State*, 253 Ga. 141 (2) (317 SE2d 531) (1984). In the present case, at least two witnesses testified that approximately three weeks prior to this murder, Haywood, while intoxicated, fired his gun in the kitchen of Evelyn Ramsey's trailer. The shot narrowly missed hitting two persons who were seated at the kitchen table at the time. This evidence was relevant to show Haywood's bent of mind and his propensity for the use of a gun when intoxicated. *Sport v. State*, 253 Ga. 689 (2) (324 SE2d 184) (1985). The trial court gave cautionary instructions to the jury regarding the limited purpose for which this evidence was admitted. We therefore conclude that this enumeration is also without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Clark & McLaughlin, Michael C. Clark*, for appellant.
*Thomas C. Lawler III, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.