## S91A0532. STEPHENS v. THE STATE.
(405 SE2d 470)

FLETCHER, Justice.

On the evening of August 11, 1988, Linda Butler was visiting in the trailer where Betty Stephens lived. Stephens became angry with Butler and the two scuffled briefly. Stephens then went into another room of the trailer, returned with a handgun, and shot and killed Butler. Stephens was convicted of aggravated assault and felony murder. The trial court merged the aggravated assault conviction with that of the felony murder and sentenced Stephens to life imprisonment for the felony murder.[1] Stephens appeals and we affirm.

1. In her first enumeration of error, Stephens contends that the

---

[1] The crime occurred on August 11, 1988. On October 11, 1988, Stephens was indicted on one count of murder, one count of felony murder, and one count of aggravated assault. The case was tried by a jury on July 17 through 20, 1989. On July 20, 1989, the jury convicted Stephens of felony murder and aggravated assault and the trial court imposed sentence on the felony murder conviction. Stephens filed a motion for new trial on August 18, 1989 and that motion was denied on July 18, 1990. Stephens' notice of appeal was filed on August 15, 1990 and the appeal was docketed in this court on January 15, 1991. The case was submitted for decision, without oral argument, on March 3, 1991.

evidence was not sufficient to support the verdict. We have reviewed the evidence in the light most favorable to the jury's determination and conclude that a rational trier of fact could have found her guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her second enumeration, Stephens argues that the trial court erred by allowing testimony concerning an earlier incident at the trailer contending that such was not a similar transaction and improperly placed her character in issue. We disagree. The testimony was not admitted to show a probability that Stephens committed the crime charged because she has a criminal character but was properly admitted to show a similarity that tends to prove a peculiar bent of mind or course of conduct. *Perkins v. State*, 260 Ga. 292, 296 (392 SE2d 872) (1990).

3. In her third enumeration of error, Stephens argues that certain testimony permitted by the trial court was irrelevant and prejudicial. We find that the testimony was relevant to show her state of mind. There is no merit to the enumeration. *Thomas v. State*, 239 Ga. 734 (238 SE2d 888) (1977); *Davis v. State*, 233 Ga. 638 (212 SE2d 814) (1975).

4. After eight hours of deliberation, the jury informed the trial court that they could not reach a unanimous verdict. The trial court informed counsel that it intended to give the jury an *Allen* charge. *Allen v. United States*, 164 U. S. 492 (17 SC 154) (1896). Stephens moved for a mistrial; the trial court denied the motion and proceeded to give the jury an *Allen* charge. Stephens argues, in her final enumeration, that such was error. We disagree.

This court has previously held that the issue in reviewing a situation in which an *Allen* charge has been given is "whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984). See also *Hardy v. State*, 242 Ga. 702, 706 (251 SE2d 289) (1978). The charge given is one which we have held is not coercive.[2] Further, following the publication of the verdict and pursuant to Stephens' request, the jury was polled and each of the jurors indicated that the verdict announced was the verdict that they had reached and that each had reached that verdict freely and voluntarily. There is no merit to the enumeration.

*Judgment affirmed. All the Justices concur.*

---

[2] The charge given was virtually identical to the pattern charge found at 2 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, 198-199 (2d ed. 1984).

DECIDED JUNE 21, 1991.

Thompson, Fox, Chandler & Homans, Robert B. Thompson, Robert L. Chandler, for appellant.

C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, for appellee.