S94A1218. LUNDY v. THE STATE.
(453 SE2d 466)

SEARS, Justice.

Alfred Lundy was tried and convicted in one trial for the November 1991 murder of Pamela Moore and the May 1992 murder of Marie Hollingshed.[1] Lundy was sentenced to two consecutive life sentences. We affirm the convictions and sentences.

1. Lundy contends his motion to sever the offenses should have been granted. We disagree.

"Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975). However, a trial court's refusal to sever is not an abuse of discretion "where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi." *Mack v. State,* 163 Ga. App. 778 (1) (296 SE2d 115) (1982). We find that the circumstances of the two offenses in this case are so similar that the trial court did not abuse its discretion in denying the appellant's severance motion. Both victims were young, African-American women who were acquainted with

---

[1] Moore was killed on November 16, 1991, and Hollingshed was killed on May 16, 1992. Lundy was indicted for Moore's murder on January 15, 1993, and for Hollingshed's murder on March 22, 1993. Following a jury trial in Bibb County Superior Court, Lundy was sentenced on July 1, 1993 to two consecutive life sentences. Lundy filed a motion for new trial on July 21, 1993, which the trial court denied on April 4, 1994. Lundy filed a notice of appeal on April 11, 1994. The appeal was docketed in this court on May 9, 1994, and submitted without oral argument on July 5, 1994.

Lundy socially and who Lundy referred to as "chicken heads," or women who sell sex for drugs. There was evidence that Lundy had voluntary sexual relations with both women. Both victims died from manual strangulation, and both sustained blunt trauma to the head and other bodily injuries. In each case, there was evidence that the victim had been sexually assaulted, and there was sperm in each victim's vagina. Both bodies were found partially nude and both had been, in effect, thrown away (one left in a burned-out building and the other put in a garbage bag and left in a dumpster).

2. The trial court did not err in admitting as similar transaction evidence Lundy's 1972 guilty plea to the manual strangulation death of another woman, with whom he had a sexual relationship and whose nude and beaten body he dumped in a storage bin. See *Freeman v. State*, 264 Ga. 27 (440 SE2d 181) (1994).

3. When considered in the light most favorable to the verdict, we find the evidence sufficient to permit a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Fletcher, J., who dissents.*

FLETCHER, Justice, dissenting.

I respectfully dissent because severance in this case is mandatory under our holding in *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975).

Additionally, I continue to be troubled by the routine admission of prior act evidence. At the Rule 31.3 hearing, the prosecution has the burden of proving that the evidence is admissible. In order to carry that burden, the prosecution should be required to state the specific purpose for which the evidence is offered and its relevance to a material issue in dispute. To admit the evidence, the court must find that it is logically relevant to a material, disputed issue, and not offered merely for the purpose of proving bad character or criminal propensity. The court should also balance the probative value of the evidence against its prejudicial effect, considering among other things the need for the evidence and the remoteness of the prior act, which in this case was 20 years. If the court ultimately determines that its probative value outweighs its prejudicial effect, the court in its charge to the jury, and limiting instruction if one is given, should state the specific purpose for which the evidence may be considered, rather than reciting a litany of purposes that are not proper for that case.

DECIDED FEBRUARY 20, 1995.

*William M. Shurling III*, for appellant.

*Charles H. Weston, District Attorney, Michael J. Bowers, Attorney General,* for appellee.