S94A1522. MITCHELL v. THE STATE.

(453 SE2d 731)

FLETCHER, Justice.

Fred Mitchell was convicted of murder and felony murder in the shooting death of Harold Flemming.[1] He was sentenced to life imprisonment. We affirm.

On the evening of December 5, 1992, Flemming and Mitchell, who were acquaintances, argued while at the J&B Lounge. While both were outside the lounge, Mitchell acquired a gun from a companion and shot Flemming five times. Mitchell contended that Flemming pulled a gun first and that the shooting was in self-defense.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Mitchell guilty of the crime charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mitchell contends that the trial court erred in admitting evidence of a prior aggravated assault conviction as a "similar transaction." Although evidence of independent misconduct is not generally admissible, it may be admissible, after notice and a hearing, pursuant to Uniform Superior Court Rule 31.3, if the state makes three showings: (1) that the evidence is offered, not to raise an improper inference regarding the character of the defendant, but for a proper purpose; (2) that there is sufficient evidence that the defendant committed the independent act; and (3) that there is sufficient similarity between the independent act and the charged offense to demonstrate that the independent act is logically relevant to a material issue

---

[1] The crime occurred on December 5, 1992. Mitchell was indicted on January 26, 1993. The jury returned a verdict on June 24, 1993 and the court sentenced Mitchell on June 25, 1993. Mitchell filed a motion to allow an out-of-time motion for new trial on January 7, 1994, which the court granted on January 10, 1994. Mitchell filed his motion for new trial on January 11, 1994, which he amended on April 12, 1994 and again on April 13, 1994. The court denied the motion on April 27, 1994. Mitchell filed his notice of appeal on May 2, 1994 and the case came before this Court for oral argument on October 11, 1994.

in dispute in the trial. See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

The trial court admitted evidence that in November 1991, Mitchell had argued over money with an acquaintance, Andre Boone; that Mitchell left and returned a few minutes later with a rifle and aimed it at the doorway where Boone was standing; that Mitchell then discharged the rifle 12 to 20 times at the door and windows of Boone's house. The evidence of this prior act was offered for the specific purpose of negating Mitchell's defense of self-defense. The prior act was similar to the charged offense in that it involved Mitchell arguing with someone, getting a gun, and shooting until he emptied the gun at the person with whom he was arguing. This evidence was relevant to the state's contention that Mitchell fired the gun intentionally, not in self-defense, but out of anger with Flemming, with whom Mitchell had been arguing. See *Brock v. State*, 254 Ga. 682, 683 (333 SE2d 593) (1985). We note with approval that the trial court balanced the prejudicial impact of this prior act evidence against its probative value and limited the prejudicial effect by excluding from evidence that the gun used was a semi-automatic rifle and that eight others were in the apartment, including the victim's pregnant girl friend, who was shoved out of the way by Boone as Mitchell began shooting. Accordingly, we hold that the trial court did not err in admitting this evidence.

3. We have examined Mitchell's remaining enumerations,[2] and conclude that they contain no error requiring reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Venice R. Daley,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

[2] In his remaining enumerations, Mitchell contends that the trial court improperly excluded evidence of Flemming's cocaine use; that the court gave erroneous charges regarding Mitchell's testimony and the aggravated assault that was the basis for the felony murder charge; and that he was denied effective assistance of counsel by his counsel's failure to object to certain exhibits and testimony.