## S95A0277. FARLEY v. THE STATE.
(458 SE2d 643)

Carley, Justice.

Appellant, David James Farley, was tried before a jury and found guilty of the simple battery of Sarah Davis and of the felony murder of Joseph Croft while in the commission of an aggravated battery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Appellant enumerates the general grounds. When the evidence is construed most favorably for the State and most strongly against appellant, the jury was authorized to find the following: Appellant and James Benefield drove from Chicago to the Bartow County home of Croft and Ms. Davis. Benefield knew Croft, but appellant did not. According to Davis, the next day appellant became "real hateful and ill" after drinking several beers and he accused Croft of stealing money from his wallet. Appellant then began to beat Croft about the head and, although Croft did not fight back, appellant continued to beat and kick him even after he lost consciousness and fell to the ground. When Ms. Davis tried to intervene, appellant struck her and exclaimed that he "ought to finish killing him, and I ought to kill you." Croft died from brain injuries.

This evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of simple battery and of felony murder while in the commission of an aggravated battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In 1986, appellant was convicted of an aggravated battery. After a hearing which complied with the mandate of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the trial court found that evidence of this prior aggravated battery would be admissible to show appellant's "course of conduct" or "bent of mind." Several of appellant's enumerations of error relate to this evidentiary ruling.

OCGA § 24-9-20 (b) deals with the testimony of a criminal defendant and provides, in part, "that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." However, OCGA § 24-9-20 (b) has no applicability here, since we do not deal with any issue concerning appellant's testimony or the evidentiary conse-

---

[1] The crimes occurred on March 23, 1993 and appellant was indicted on August 4, 1993. The jury returned its verdicts on September 1, 1993 and, on that date, the trial court entered a judgment of conviction and imposed a life sentence for the felony murder. On September 10, 1993, the trial court entered a judgment of conviction and a 12-month consecutive sentence for the simple battery. Appellant filed a timely motion for new trial which was denied on August 23, 1994. A notice of appeal was filed on September 8, 1994 and the case was docketed in this court on November 4, 1994. Oral argument was heard on February 14, 1995.

quences of his opening of the "character" door. The issue for resolution is the admissibility of "other transactions" evidence without regard to whether appellant testified or put his own character in issue. Thus, the applicable authority is OCGA § 24-2-2 which provides that "other transactions" evidence is "irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Unlike evidence which is relevant solely to "character" and admissible under OCGA § 24-9-20 (b) only if the "character" door has been opened by the defendant himself, relevant "other transactions" evidence is admissible notwithstanding its tendency to discredit the character of the defendant. *Childs v. State*, 257 Ga. 243, 247 (3) (c) (357 SE2d 48) (1987). "Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." (Emphasis in original.) *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

Appellant was being tried for a felony murder in which an aggravated battery was the underlying offense and his defense was justification. One is not justified in using force which is either intended or is likely to cause death or great bodily harm if he is the aggressor or if he was engaged in combat by agreement unless he withdraws and effectively communicates to the victim that he intends to do so. *Lancaster v. State*, 250 Ga. 871, 873 (3) (301 SE2d 882) (1983). It is clear, therefore, that this case necessarily involved appellant's propensity for initiating or continuing an encounter wherein he "maliciously cause[d] bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). Accordingly, evidence of appellant's commission of the prior aggravated battery would be admissible if it was so sufficiently similar to the instant aggravated battery as to be relevant to his "bent of mind" or "course of conduct" in initiating or continuing such encounters. Under those circumstances, the evidence of his prior commission of a sufficiently similar aggravated battery would tend to rebut his claim of justification by showing a "bent of mind" or "course of conduct" in initiating or continuing such encounters, as contrasted to acting in self-defense. *Gentry v. State*, 250 Ga. 802, 803 (1) (301 SE2d 273) (1983). See also *Edwards v. State*, 261 Ga. 509 (1), fn. 2 (406 SE2d 79) (1991) ("propensity to use firearms to avenge himself against someone who he thought had wronged him"); *Haywood v. State*, 256 Ga. 694, 696 (2) (353 SE2d 184) (1987) ("bent of mind and his propensity for the use of a gun when intoxicated"); *Brock v. State*, 254 Ga. 682, 683 (2) (333 SE2d 593) (1985) ("habit of periodically firing a gun" admissible to rebut claim of self-defense); *Sport v. State*, 253 Ga. 689, 690 (1) (324 SE2d 184) (1985) ("bent of mind and propensity for use of a pistol"); *Saylors v. State*, 251 Ga.

735, 738 (7) (309 SE2d 796) (1983) ("prior conduct involving knives").

In urging that the evidence was inadmissible, appellant erroneously focuses upon the differences between the prior and instant aggravated batteries, rather than correctly focusing upon their similarities. In both occurrences, appellant was shown to have initiated an unprovoked attack upon one with whom he was ostensibly sharing a friendly drink. When he succeeded in subduing both victims, appellant persisted in beating and kicking them in the head, thereby inflicting serious injuries. After each encounter, appellant was boastful about his acts.

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " [Cit.]

*Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). Under numerous decisions of this court, the prior aggravated battery committed by appellant was relevant to rebut his claim of self-defense in this case by showing that he has a propensity for initiating and continuing unprovoked encounters which result in bodily harm to those whom he attacks. "Since appellant claimed self-defense, evidence of previous unprovoked attacks was relevant to show malice, intent, motive, and bent of mind." *Gentry v. State*, supra at 803 (1).

> The testimony was not admitted to show a probability that [appellant] committed the crime charged because [he] has a criminal character but was properly admitted to show a similarity that tends to prove a peculiar bent of mind or course of conduct. [Cit.]

*Stephens v. State*, 261 Ga. 356, 357 (2) (405 SE2d 470) (1991). See also *Edwards v. State*, supra at 509 (1), fn. 2; *Haywood v. State*, supra at 696 (2); *Brock v. State*, supra at 683 (2); *Sport v. State*, supra at 690 (1); *Saylors v. State*, supra at 738 (7). To hold, as the special concurrence proposes, that the evidence of Farley's commission of a prior aggravated battery was erroneously admitted would require that we overrule not only *Gentry, Stephens, Edwards, Haywood, Brock, Sport*, and *Saylors*, but that we also overrule a host of other cases in which this court has held "other transactions" evidence to be admissible under comparable circumstances. See generally *Ward v. State*, 262 Ga. 293, 295 (2) (417 SE2d 130) (1992); *Starks v. State*, 262 Ga. 244, 245 (2) (416 SE2d 520) (1992); *Chastain v. State*,

260 Ga. 789, 790 (3) (400 SE2d 329) (1991); *Bromley v. State*, 259 Ga. 377, 381 (6) (380 SE2d 694) (1989); *Mincey v. State*, 257 Ga. 500, 505 (7) (360 SE2d 578) (1987); *Byrd v. State*, 255 Ga. 674 (2) (a) (341 SE2d 453) (1986); *Harris v. State*, 255 Ga. 500, 502 (3) (340 SE2d 4) (1986); *Goodman v. State*, 255 Ga. 226, 227 (5) (336 SE2d 757) (1985); *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656) (1985); *Rich v. State*, 254 Ga. 11, 13 (1) (325 SE2d 761) (1985); *Hooks v. State*, 253 Ga. 141, 142 (2) (317 SE2d 531) (1984).

After conducting a hearing in full compliance with the mandate of *Williams v. State*, supra, the trial court found that the prior aggravated battery was relevant and admissible for a limited purpose in determining appellant's guilt of the aggravated battery which was the underlying felony for the felony murder with which appellant was charged. That having been done, there is no further requirement that the record reflect the trial court's express balancing determination as between the probative value of the evidence and its prejudicial impact. Such an express determination would be entirely superfluous, since evidence which "is otherwise relevant . . . does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence. [Cit.]" *Jones v. State*, 263 Ga. 835, 839 (3) (439 SE2d 645) (1994). If a trial court finds that "other transactions" evidence is so attenuated and dissimilar as to lack relevancy, then that evidence should be excluded because its prejudice outweighs its probative value. "[W]ithout some sort of probative connection between the prior act and the crime charged, the prejudicial nature of the prior act evidence will outweigh its probative value." *Barrett v. State*, 263 Ga. 533, 534 (2) (436 SE2d 480) (1993); *Larkins v. State*, 230 Ga. 418, 420-421 (2) (197 SE2d 367) (1973), overruled on other grounds, *Hunt v. State*, 233 Ga. 329, 331 (211 SE2d 288) (1974). However, a trial court's finding that "other transactions" evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non. The evidence was not overly prejudicial in this case, because the trial court gave detailed limiting instructions at the time of the admission of the evidence and at the close of the case. *Malcolm v. State*, 263 Ga. 369, 370 (2) (434 SE2d 479) (1993). See also *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975); *Hicks v. State*, 232 Ga. 393, 397 (207 SE2d 30) (1974). Appellant erroneously cites *Adams v. State*, 208 Ga. App. 29, 34 (3) (a) (430 SE2d 35) (1993) as authority for imposing an unnecessary requirement upon a trial court to make an express balancing determination as between probative value and prejudice as a condition to admission of "other transaction" evidence. Only four judges concurred in Division 3 of *Adams*,

whereas five judges did not. Accordingly, Division 3 of *Adams* is not binding authority and is a physical precedent only by virtue of the Court of Appeals own Rule 33 (a). Moreover, *Adams'* conclusion that such an express balancing determination is mandated appears to have been created ex nihilo because none of the cases cited supports such a requirement.

Evidence of a defendant's prior bad acts is admissible solely for the purpose of proving that he acted in conformity therewith in the case on trial, if those prior bad acts are shown to be so sufficiently similar "other transactions" as to become relevant evidence of his "bent of mind" or "course of conduct" under OCGA § 24-2-2.

> We do not concede, as suggested by some, that the exceptions have swallowed the rule of inadmissibility of separate crimes. The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence.

(Emphasis in original.) *State v. Johnson*, supra at 655. Appellant's prior commission of an aggravated battery was so sufficiently similar as to become relevant to the limited non-character issues of his "bent of mind" or "course of conduct" and the evidence was properly admitted for that purpose.

3. Appellant enumerates as error the trial court's failure to give a more detailed unrequested charge on the limited admissibility of the "other transactions" evidence. The record shows that the trial court gave the standard charge on this issue, which charge was in substantial conformity with that set forth in the Suggested Pattern Jury Instructions as having been approved by numerous cited appellate decisions. The only authority cited by appellant for the proposition that a trial court should give unrequested additional charges on this issue is Division 3 of *Adams v. State*, supra. As previously discussed, however, that division of *Adams* is only a physical precedent which we find to be unpersuasive. The charge, as given, was not erroneous under the controlling decisions of this court. *Davis v. State*, 202 Ga. 13, 20 (3) (41 SE2d 414) (1947); *McKay v. State*, 200 Ga. 120 (2) (a) (36 SE2d 55) (1945); *Fluker v. State*, 184 Ga. 809, 810 (5) (193 SE 749) (1937); *Cooper v. State*, 182 Ga. 42, 52 (4) (184 SE 716) (1936).

4. Appellant enumerates as error the admission into evidence of photographs of the victim of the prior aggravated battery and of Croft. The photograph of the victim of the prior aggravated battery was admitted without objection. The photographs of Croft were ad-

missible to rebut appellant's claim that he only hit Croft once on the chin. *Brown v. State*, 262 Ga. 833, 836 (9) (426 SE2d 559) (1993). Accordingly, this enumeration of error has no merit.

*Judgments affirmed. All the Justices concur, except Fletcher and Sears, JJ., who concur specially.*

FLETCHER, Justice, concurring specially.

I agree fully with the analysis and conclusion of Justice Sears' special concurrence; admission of the prior act evidence here was error, but harmless.

The majority's opinion has taken whatever little viability remained in the rule that a defendant's prior bad acts are generally inadmissible. Evidence that the defendant " 'committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible' " unless a logical connection exists between the two.[2] Rarely, will mere similarity be sufficient to establish a logical connection between a prior act and the charged offense.[3] We have recognized that allowing prior crimes to show intent solely because of similarity would abolish the general rule of admissibility because intent is an essential element in nearly every crime.[4] The majority, by focusing on Farley's " 'bent of mind' or 'course of conduct' in initiating or continuing such encounters"[5] allows the state to prove intent with a prior bad act if any remote similarity connects it to the charged offense. The similarities the majority seizes upon in this case, however, are not a logical link between the two incidents. Thus, the court is permitting the exceptions to swallow the rule.

Additionally, the majority's assertion that a "finding that 'other transactions' evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact"[6] is an incorrect statement of the law of evidence. Prejudice is not a consideration in determining relevancy. It is a consideration in determining *admissibility* only after the court determines that the evidence is relevant.[7] And "[r]elevancy is determined

---

[2] *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952).

[3] "Signature" crimes such as manual strangulation may provide that rare exception. See *Lundy v. State*, 265 Ga. 30 (453 SE2d 466) (1995).

[4] *Bacon* at 263-264.

[5] Majority op. at 623.

[6] Majority op. at 625.

[7] See *Smith v. State*, 255 Ga. 685, 686 (341 SE2d 451) (1986) ("[w]here an issue is raised, as to whether the probative value of evidence is outweighed by its tendency to 'unduly arouse the jury's emotions of prejudice, hostility or sympathy' the trial judge has discretion to be exercised in determining admissibility"), quoting McCormick on Evidence (2d ed.) p. 439, § 185; *Shaw v. State*, 241 Ga. 308, 311 (245 SE2d 262) (1978) (trial judge has discretion to exclude evidence if "its prejudicial impact substantially outweighed its probative value").

by answering the following question: '[D]oes the evidence offered render the desired inference more probable than it would be without the evidence?' "[8]

The majority also incorrectly asserts that "evidence . . . so attenuated and dissimilar as to lack relevancy . . . should be excluded because its prejudice outweighs its probative value."[9] Under such circumstances, it is not necessary to weigh the prejudicial impact. Rather, the evidence is inadmissible because it does not tend to prove any material issue in the case; therefore, it has no probative value and should be excluded as irrelevant.[10]

SEARS, Justice, concurring specially.

I would hold that the trial court erred in admitting evidence of Farley's 1986 conviction. I believe that the majority opinion displays a slavish adherence to precedent, the direction of which badly needs reexamining by this court.

It is fundamental to our system of criminal justice that evidence of a defendant's general character is irrelevant and inadmissible.[11] Character evidence is excluded because a jury must determine a defendant's guilt or innocence based solely on evidence relevant to the crime charged, and not based on a belief that the defendant has a criminal character or a general propensity to commit bad acts.[12] Evidence of an independent crime or bad act committed by the defendant undoubtedly reflects on the defendant's character. Indeed, evidence of a prior crime is character evidence of the worst sort because such evidence indicates a *criminal* character. As such, it has great potential for leading a jury to convict a defendant of a crime based solely on the defendant's character. Hence, it has long been a general rule that evidence of other crimes or bad acts is inadmissible character evidence.[13] As there may be instances, however, in which evidence of a prior crime or act is relevant to a legitimate and material issue — some material issue other than the defendant's character — this court recognizes a limited exception for such evidence to the rule prohibiting character evidence. One of the earliest cases defining this exception and its parameters is *Cawthon v. State*,[14]

---

[8] *Smith*, 255 Ga. at 686, quoting McCormick on Evidence (2d ed.) p. 437, § 185.

[9] Majority op. at 625.

[10] OCGA § 24-2-1 ("Irrelevant matter should be excluded").

[11] See OCGA § 24-2-2. Character evidence is admissible if "the nature of the action involves such character," id., or if the defendant first puts his character in issue, OCGA § 24-9-20.

[12] *Stewart v. State*, 263 Ga. 843, 847 (440 SE2d 452) (1994) (Hunt, C. J., dissenting).

[13] See *Farmer v. State*, 100 Ga. 41, 43 (2) (28 SE 26) (1896).

[14] 119 Ga. 395, 408-411 (46 SE 897) (1904). The *Farmer* court had expressed a more limited definition of the exception:

[E]vidence of other representations or transactions may be received, as tending to

> When one is . . . charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other.

Specifically, the *Cawthon* court held that independent crime evidence might be relevant when the extraneous crime forms part of the res gestae or is one of a system of mutually dependent crimes; when there is a connection between the two crimes in the mind of the criminal; or when evidence of the extraneous crime shows guilty knowledge, identifies the defendant, shows prior attempts by the defendant to commit the same crime as the crime charged, or tends to prove malice, intent, or motive.

Unfortunately, over the years courts have applied and expanded the exception to the rule prohibiting evidence of an independent act or crime to the extent that the exception often swallows the rule. Trial courts often allow independent crime evidence only because the circumstances of the independent crime are somewhat similar to the circumstances of the crime charged, without sufficient analysis of whether, because of that similarity, the independent crime evidence is actually relevant to an issue being tried. And this state's appellate courts have often affirmed such decisions by trial courts with equally insufficient analysis. I believe that it is critical to the sanctity of jurisprudence in this state that this Court narrow its application of the exception to the rule prohibiting independent crime evidence, remembering that the exception is contrary to the fundamental and important prohibition against character evidence.

With respect to the independent crime in this case, the court heard testimony before trial from Joseph Markowitz and Robert Halbherr, both of whom lived in the same Chicago neighborhood as Farley for some years.[15] They testified that in May 1986 they had gone behind the school yard to drink a six-pack of beer and were joined by Farley. Markowitz, then 20, said something that offended Farley, and Farley grabbed Markowitz from behind and held a knife to his throat. Halbherr, then 21, came at Farley with a broken bottle, and Farley ran. Markowitz and Halbherr chased Farley, and when they caught up Farley was accompanied by his brother and two or three other boys. The two sides fought. Farley fought with Marko-

---

show motive or intent, when the transactions are so connected in time and so similar in their other relations that the same motive may reasonably be imputed to all. *Farmer,* 100 Ga. at 43.

[15] The trial court heard this testimony during a pre-trial hearing held pursuant to Uniform Superior Court Rule 31.3.

witz, and Farley and one other person kicked Markowitz in the head while he was on the ground, causing partial hearing loss.

Applying the framework of *Williams v. State*[16] to these facts, the trial court ruled (1) that the evidence of the independent crime was relevant to Farley's "bent of mind" and "course of conduct" in this case; (2) that there was no question that Farley committed the independent act; and (3) that the crimes were sufficiently similar because Croft and the 1986 victim suffered similar head injuries from being beaten and kicked in the head. I disagree with the trial court's rulings on the first and third prongs. First, "bent of mind" and "course of conduct" have evolved into amorphous catch-phrases, difficult to define and slippery in application. While they may be legitimate purposes for introducing independent crime evidence under some circumstances,[17] careful analysis of the relevance of the evidence is especially important when those purposes are claimed. Such careful scrutiny is essential because a person's bent of mind is dangerously close to being his character, and a person's course of conduct could easily show nothing more than a mere propensity to act in a certain manner.[18]

In this case, proof of Farley's 1986 conviction tended to show nothing relevant to the issues in the trial of the crime charged. The evidence only demonstrated Farley's bad character and his propensity to act in a criminal fashion. As to similarity, the circumstances surrounding the 1986 fight and those surrounding Farley's altercation with Croft were not remotely similar or connected. One was a group skirmish between young neighborhood toughs in Chicago and the other was a one-on-one fist fight between two grown men in Georgia seven years later. Both the state and the trial court seize on the fact that in both fights Farley kicked or hit his opponent in the head after his opponent was on the ground. That fact certainly denigrates Farley's character, but it is not enough to render admissible the evidence of the first crime. There is nothing in the circumstances of the first fight that is so unique to Farley that it sets Farley apart or in any way tends to prove that Farley committed the second crime. In fact, proof of the 1986 crime tends to show nothing more than Farley's bad character.

Farley also argues that the prejudicial impact of the independent

---

[16] 261 Ga. 640 (409 SE2d 649) (1991). Echoing *Farmer* and *Cawthon*, *Williams* held that if the state wishes to introduce evidence of a defendant's independent act or crime, it must affirmatively show that the evidence is offered for a specific, non-character, purpose. The state must also demonstrate that there is such a logical connection between the crimes, or that the crimes are so similar, that proof of the independent crime tends to prove that the defendant committed the crime charged.

[17] See, e.g., *Peppers v. State*, 261 Ga. 338, 340 (404 SE2d 788) (1991); *Hooks v. State*, 253 Ga. 141, 142 (317 SE2d 531) (1984).

[18] See Milich, Georgia Rules of Evidence, p. 145, § 11.13 (1995).

act evidence outweighed its probative value, and that the trial court erred by failing to balance the prejudicial impact and the probative value on the record.[19] "It has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial."[20] The trial court's authority to exclude otherwise *relevant* evidence because of its undue prejudice helps safeguard a defendant's right to a fair trial. I would hold that a trial court must make part of the record its determination as to whether the prejudicial impact of independent crime evidence outweighs its probative value.[21] Such a requirement would help ensure that this important balancing test is performed, and make it possible for an appellate court to resolve whether the trial court correctly decided the issue. Furthermore, I believe that the prejudicial effect of the independent crime evidence in this case did outweigh its probative value, because the two incidents were remote in time, because there was substantial evidence of Farley's guilt of the crime charged without the independent act evidence, and because the state did not need the evidence to establish any element of the crime charged.

Although the evidence of the independent crime should not have been admitted, I would hold that the error is not reversible. The evidence establishing Farley's guilt of the offense of felony murder is overwhelming. Two eyewitnesses to the fight — Sarah Davis and her neighbor — testified at trial and identified Farley as the person who stood kicking the victim in the head while the victim was still on the ground making no attempt to fight back. Farley himself testified that he fought with the victim, but stated that the victim hit the ground after one punch to the jaw and he did not hit or kick the victim again after that. Farley's testimony was sufficient in itself to support a conviction for felony murder. Thus I would hold that it is highly probable that the admission of the independent crime evidence did not contribute to the jury's verdict,[22] and I concur in the majority's affirmance of the conviction.

I am authorized to state that Justice Fletcher joins this special concurrence.

---

[19] See *Oller v. State*, 187 Ga. App. 818 (371 SE2d 455) (1988).

[20] *Robinson v. State*, 246 Ga. 469, 470 (271 SE2d 786) (1980).

[21] See *Adams v. State*, 208 Ga. App. 29, 34 (430 SE2d 35) (1993) (requiring that a trial court balance probative value and prejudicial impact on the record in cases involving the sexual abuse of children).

[22] *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). See also *Barrett v. State*, 263 Ga. 533, 535 (436 SE2d 480) (1993) and *Hill v. State*, 263 Ga. 37, 43 (427 SE2d 770) (1993), both holding that admission of independent crime evidence was harmless error.

Decided June 30, 1995 —
Reconsideration denied July 28, 1995.

*Joe Frank Harris,* for appellant.

*T. Joseph Campbell, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

