## S03A0235. WESTON v. THE STATE.
(580 SE2d 204)

SEARS, Presiding Justice.

Appellant Tommy Weston appeals his convictions for malice murder and armed robbery,[1] claiming the evidence demanded a directed verdict in his favor and that the trial court erred in admitting certain witness testimony and evidence. Having concluded that these claims are without merit, and having found the evidence sufficient to support the jury's verdicts, we affirm.

Construed most favorably to the verdicts, the evidence showed that on the night of August 9, 2000, appellant was observed by witness Barnes outside the home of Sue McDonald and Mercer Johnson, an elderly brother and sister who shared a house in rural Shellman, Georgia. At that time, appellant spoke to witness Barnes, then walked behind McDonald and Johnson's house. Barnes then heard a banging noise, similar to the sound made by a slamming door. The following day, McDonald and Johnson were found semi-conscious, having been beaten and stabbed inside their home, which had been

---

[1] The crimes occurred on August 9, 2000, and appellant was indicted on October 3, 2000. The trial occurred on August 20-23, 2001, and appellant was convicted of two counts each of malice murder, felony murder and armed robbery. Appellant was sentenced to two life sentences for malice murder and two concurrent life sentences for armed robbery. The felony murder convictions were vacated by operation of law. Appellant's new trial motion was filed on September 11, 2001, and denied on September 4, 2002. The transcript was certified by the court reporter on June 13, 2002. Appellant timely filed a notice of appeal on October 3, 2002. The appeal was docketed with this Court on October 21, 2002, and was orally argued on February 10, 2003.

ransacked. McDonald and Johnson identified their assailant as an African-American man whom they recognized as having seen previously. McDonald and Johnson told police that the man kicked in their back door and attacked them. They both later died as a result of their injuries.

On the day following the attack, witness Barnes was eating in an area diner when he again saw appellant. Upon seeing Barnes, appellant raised his index finger to his lips, a gesture generally recognized as a signal to "be quiet." During the robbery, a ring valued at $4,000 was torn from Sue McDonald's finger. The ring was later recovered from a woman who told police she had purchased the ring from appellant for ten dollars. The victims' lawnmower was among the items stolen, and appellant tried to trade it with an area drug dealer in exchange for crack cocaine. At trial, similar transaction evidence was admitted to show: (1) that a few days before the attack, appellant invaded the home of a reclusive, elderly woman (Goldberg), attacked her and stole items from her home, and (2) that a few days after the attack, appellant stole a toolbox from the truck of an elderly man (Hunt) who had given him a ride. Appellant admitted stealing items from Goldberg and Hunt, and evidence was admitted showing that he traded these stolen items for crack cocaine.

1. Contrary to appellant's claim, the evidence did not demand a directed verdict of acquittal. This Court has held that the test of *Jackson v. Virginia*[2] should be used for analysis of a challenge to the trial court's refusal to direct a verdict as well as to a challenge to the sufficiency of the evidence.[3] As there was evidence that appellant forcibly entered the victims' home, attacked and robbed them, inflicted fatal injuries, then later sold (or attempted to sell) items stolen from the victims, there was evidence, with all reasonable deductions and inferences drawn therefrom, that authorized the jury to find appellant guilty of armed robbery and murder. We note that the evidence supporting appellant's convictions is largely circumstantial. However, having reviewed the record, we believe the evidence was sufficient for the jury to have excluded every reasonable hypothesis except appellant's guilt.[4]

2. The trial court did not err in admitting similar transaction evidence that a few days after the attack on the victims, witness Hunt observed someone stealing tools from his truck. Appellant

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984). See OCGA § 17-9-1 (a) (A directed verdict motion is granted only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.'"); *Hanifa v. State*, 269 Ga. 797, 800 (505 SE2d 731) (1998).

[4] OCGA § 24-4-6.

admitted that it was he who stole the tools from Hunt. The State contended that this theft, the theft from the victims in this case, and the earlier theft from Goldberg were all part of a crime spree in which appellant stole items in order to procure drugs. The State demonstrated that the theft from the victims and the theft from Hunt took place within days of each other; that the victims and Hunt all lived in the same small rural community; that the victims and Hunt were targeted for crimes due to their advanced age and vulnerability; and that appellant sold, traded or attempted to sell or trade items stolen from both the victims and Hunt in exchange for crack cocaine. Accordingly, we conclude that the similar transaction involving Hunt was offered for a proper purpose, demonstrated that appellant had committed the theft against Hunt, and was sufficiently similar to the theft from the victims in this case to warrant its admission at trial.[5]

3. Contrary to appellant's contention, the trial court did not err in permitting witness Barnes to opine that he interpreted appellant's gesture of placing his index finger to his lips as an indication that appellant "had something to do with it [i.e., the crimes at issue]." It is established that lay witnesses may relate their opinion as to the existence of any fact so long as it is based upon their own experiences and observations, and so long as the matter referred to is within the scope of the average juror's knowledge.[6] In this case, appellant's gesture was a common one and Barnes's interpretation of that gesture under the circumstances in which it was made was something within the ken of the average juror. Accordingly, the trial court did not err in admitting Barnes's lay opinion testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003 —
RECONSIDERATION DENIED JUNE 3, 2003.

*John L. Tracy*, for appellant.
*Charles M. Ferguson, District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.

---

[5] *Mitchell v. State*, 265 Ga. 71, 72 (453 SE2d 731) (1995).
[6] *Dillingham v. State*, 275 Ga. 665, 668 (571 SE2d 777) (2003).