S10A1102. MOORE v. THE STATE.

(702 SE2d 176)

HUNSTEIN, Chief Justice.

Appellant Marland Moore appeals his conviction for malice murder and related offenses arising from the shooting death of Roddy Cunningham. For the reasons that follow, we find no error and therefore affirm.[1]

1. Construed in the light most favorable to the verdict, the

---

[1] The crimes occurred on March 20, 2007. On November 16, 2007, appellant was indicted in Fulton County on charges of malice murder (Count 1); three counts of felony murder (Counts 2-4), predicated on the underlying felonies respectively charged in Counts 5, 7, and 8; aggravated assault with a deadly weapon (Count 5); possession of a firearm during commission of a felony (Count 6); possession of a firearm by a convicted felon (Count 7); and, along with co-indictees Karryn Davis and Veleda Washington, conspiracy to commit the crime of trafficking in cocaine (Count 8). After Davis and Washington agreed to cooperate with the prosecution, the charges against them were nol prossed; Counts 7 and 8 as against appellant

evidence adduced at trial established as follows. Co-indictee Karryn Davis agreed to help victim Cunningham purchase drugs and contacted co-indictee Veleda Washington, who agreed to assist in the transaction. Washington contacted appellant, a convicted felon, whom she knew through the father of her children, and arranged for Cunningham to buy a kilogram of cocaine. Together Washington and Cunningham drove to meet appellant at a hotel bar, and the three then drove in Cunningham's car to a nearby apartment building, with Cunningham driving, Washington in the front passenger seat, and appellant in the back seat. Once they were parked, appellant produced a bag; while Cunningham looked inside, appellant took out a gun and hit Cunningham with it. Washington jumped out of the car, and appellant began shooting. Cunningham was shot, staggered out of the car, fell to the ground, and died at the scene from a gunshot wound to the torso. Washington was also grazed by a bullet. Appellant fled the scene in Cunningham's car.

A witness parked in front of Cunningham's car saw the shooting in her rearview mirror and corroborated various details of the foregoing account, though she was unable to identify or give a description of the shooter. Washington failed to name appellant as the shooter when initially interviewed by police, but months later, after an arrest warrant was issued in connection with the incident charging her with conspiracy to commit cocaine trafficking and distribution, she identified appellant to police as the perpetrator. Testimony from a firearms examiner regarding the trajectory of the fatal bullet was consistent with the shooter having fired the gun while reaching over from the back seat of the car. In addition, witness Yvette Norwood, a close friend of Washington who was acquainted with appellant, testified about several conversations she had with Washington and appellant: in the first one, prior to the shooting, Washington said she had arranged for Cunningham to buy drugs from appellant; in another one, a few hours after the shooting occurred, appellant called her inquiring about Washington, which Norwood found unusual, and assured her that Washington would be released from police questioning because "she hadn't done nothing"; and, in a final conversation, the morning after the shooting, Washington told her that appellant was the shooter.

After appellant was identified to police and an arrest warrant

were also nol prossed. At the conclusion of a jury trial held March 3-7, 2008, appellant was found guilty on all remaining counts and sentenced to life imprisonment for malice murder and five years consecutive for the firearm charge. The remaining charges merged or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Appellant's timely motion for new trial was denied following a hearing. Appellant then filed a timely notice of appeal to the Court of Appeals, which transferred the case to this Court, where it was docketed to the April 2010 term and was thereafter submitted for decision on the briefs.

was issued, he eluded the police in their first attempt to arrest him and in the process broke into the home of a stranger, offered her money to secrete him from police, and punched her when she refused. He was ultimately apprehended, several months after the shooting.

Appellant now contends that the evidence as to his involvement in the crimes was insufficient under the rule that "[in] felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient." OCGA § 24-4-8. Specifically, appellant asserts that the only evidence establishing his connection with the crime was the testimony of Washington, his co-indictee on the drug trafficking charge. Though we agree that — given Cunningham's death and the inability of any eyewitness to identify appellant as the shooter — Washington was the only witness who could testify firsthand as to appellant's involvement, we question whether Washington may be considered an accomplice to murder and the other non-drug-related crimes on which appellant was tried, insofar as there was no evidence of her intent to participate in any crime other than drug trafficking. See *Jackson v. State*, 278 Ga. 235, 236 (1) (599 SE2d 129) (2004) ("[p]roof that [one] shares a *common criminal intent* with the actual perpetrator is necessary" to render one a party to the crime (emphasis supplied)); Jack Goger, *Daniel's Georgia Handbook on Criminal Evidence*, § 6.33 (2010) ("[t]he proof necessary to establish that [one's] actions were those of an accomplice . . . must be of such a character so as to demonstrate a *common criminal intention* . . . with the actual perpetrator" (emphasis supplied)). However, even assuming arguendo that Washington may be considered an accomplice for purposes of OCGA § 24-4-8, "'[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cit.)' [Cit.]" *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983). Here, witness Norwood testified that appellant, who had never telephoned her before, called her hours after the shooting to inquire about Washington and asserted that Washington had done nothing wrong. Such apparent firsthand knowledge about the crime "connect[ed] [appellant] to the crime," id., and thereby corroborated Washington's testimony identifying appellant as the shooter. See *Simpson v. State*, 278 Ga. 336 (1) (602 SE2d 617) (2004) (phone records and bullets corroborated accomplice's testimony); *Roebuck v. State*, 277 Ga. 200 (1) (586 SE2d 651) (2003) (fingerprint evidence corroborated accomplice's testimony). Though appellant challenges Norwood's credibility, "[t]he sufficiency of the corroborating evidence is for the trier of fact to decide. [Cit.]" *Baines v. State*, 276 Ga. 117, 119 (1) (575 SE2d 495) (2003).

Given that there was no violation of OCGA § 24-4-8, the evidence as set forth above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that his trial counsel rendered ineffective assistance by failing to interview co-indictees Davis and Washington prior to trial. In order to establish ineffective assistance of counsel, appellant must show that counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 695 (104 SC 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). Failure to show prejudice from counsel's allegedly deficient performance is fatal to an ineffectiveness claim. *Lajara v. State*, 263 Ga. 438 (3) (435 SE2d 600) (1993). Here, appellant has failed to establish that he suffered prejudice as the result of counsel's failure to interview appellant's co-indictees, as he has made no attempt to detail what information might have been revealed pre-trial had counsel interviewed Davis and Washington and how such information would have been helpful to his defense. Counsel thoroughly cross-examined both witnesses and impeached Washington with her various prior inconsistent statements to police investigators regarding the shooting. This enumeration, therefore, lacks merit.

3. Appellant also contends the trial court erred by admitting as similar transaction evidence testimony regarding appellant's previous arrest on a charge of possession of cocaine with intent to distribute and a prior shooting incident. Evidence of a defendant's independent offenses or bad acts is admissible if there is sufficient connection or similarity between the prior offenses or acts and the crime charged such that proof of the former tends to prove the latter. *Phillips v. State*, 287 Ga. 560 (4) (697 SE2d 818) (2010). In assessing the admissibility of similar transaction evidence, the proper focus is on the similarities, rather than the differences, between the prior acts and the current crime. *Hall v. State*, 287 Ga. 755 (2) (699 SE2d 321) (2010). A trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion. *Pareja v. State*, 286 Ga. 117, 121 (686 SE2d 232) (2009).

In this case, following a pre-trial hearing, see Uniform Superior Court Rule 31.3 (B), as well as argument during trial, the trial court agreed to allow evidence regarding two of the State's five proffered similar transactions. Regarding the first, the State presented testimony from a police officer who, with the help of a confidential informant, arranged for a controlled buy of cocaine from appellant

approximately two years prior to the crimes. As to the second, two witnesses testified regarding an incident in which, after a brief exchange of heated words, appellant unexpectedly fired shots at the car in which they, unarmed, were riding. The trial court held that both prior incidents were admissible to prove appellant's state of mind, knowledge, and intent, and instructed the jury to consider such evidence for that purpose alone.

Though appellant argues that neither of these incidents was sufficiently similar to the crimes charged, we find no abuse of discretion in the trial court's determination. The drug sting was clearly similar to the cocaine trafficking in that both involved relatively recent arrangements for appellant to sell cocaine. See *Barnes v. State*, 287 Ga. 423 (3) (696 SE2d 629) (2010) (in prosecution for conspiracy to sell illegal drugs, trial court properly admitted evidence regarding defendant's prior guilty plea to drug possession for purpose of showing bent of mind, course of conduct, or intent). The shooting incident was probative of appellant's inclination toward unprovoked gun violence. Though occurring more than 13 years before the crimes involved herein, the "lapse of time between the prior [acts] and the crimes at issue here does not require exclusion of the evidence. [Cit.]" *Phillips*, supra, 287 Ga. at 564 (4) (18-year time lapse does not require exclusion of similar transaction evidence).

While appellant asserts that the similar transactions were offered to prove identity, which requires a higher degree of similarity between the past acts and those charged, see *Abdullah v. State*, 284 Ga. 399 (3) (667 SE2d 584) (2008), the record makes clear that they were in fact offered to prove, inter alia, intent and state of mind; that the trial court admitted this evidence for those limited purposes only; and that the trial court instructed the jury accordingly. Though appellant complains that the State made reference to the similar transactions in closing argument to help establish appellant's identity as the shooter, appellant failed to object to the prosecutor's closing argument at the time. Therefore, any error in this regard has not been preserved for appeal. See *Butler v. State*, 273 Ga. 380 (8) (541 SE2d 653) (2001) (objections to closing argument not made during closing are waived).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2010.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney*

*General, Paula K. Smith, Senior Assistant Attorney General, Amy H. Morelli, Assistant Attorney General,* for appellee.

