S10A1766. GRIFFIN v. THE STATE.
(708 SE2d 258)

HINES, Justice.

Jeffery Jerod Griffin appeals his convictions for felony murder and possession of a firearm during the commission of a crime, in connection with the death of Antonio Gray.[1]

Construed to support the verdicts, the evidence showed that

[1] The crimes occurred on November 17, 2004. On February 15, 2005, a Taylor County

Gray believed Dontavious R. Bunkley had burglarized the home of Gray's grandmother, and confronted him. Gray and Bunkley engaged in a physical altercation, which was stopped by bystanders. Griffin went to his car and retrieved a pistol, gave it to Bunkley, and said, "handle your business." Gray began to run away, and Bunkley fatally shot him.

1. The evidence was sufficient to enable a rational trier of fact to find Griffin guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State was permitted to introduce evidence that, four months prior to Gray's death, at an outdoor gathering, William Lockett and a man named Nicholas argued. Lockett departed the gathering, and returned with Griffin; Lockett was carrying a shotgun, with which he attempted to shoot Nicholas. The shotgun did not fire, and Lockett told Draper Woodard that he would "get him too." Griffin produced a pistol and gave it to Lockett in exchange for the shotgun; carrying the pistol, Lockett ran after the other men and fired some shots. Griffin contends that this evidence was not introduced for a proper purpose, and was not sufficiently similar to the crimes of which he was charged.

A trial court's decision to admit evidence of similar transactions will be upheld unless there has been an abuse of the trial court's discretion. *Moore v. State*, 288 Ga. 187, 190 (3) (702 SE2d 176) (2010).

> Similar transaction evidence must satisfy three elements to be admitted: (1) the evidence must be introduced for a proper purpose; (2) the evidence must establish by a preponderance of the evidence that the defendant perpetrated the similar transaction; and (3) the two transactions must be sufficiently similar or connected so that the existence of the former transaction tends to prove the latter transaction. [Cits.]

grand jury indicted Griffin and Dontavious R. Bunkley for malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of a crime. The two men were tried together before a jury July 12-15, 2005, and both were found not guilty of malice murder, and guilty of all other charges in the indictment. On July 15, 2005, the trial court sentenced Griffin to life in prison for felony murder and a consecutive term of five years in prison for possession of a firearm during the commission of a crime; the guilty verdict for the crime of aggravated assault merged with the crime of felony murder. *Malcolm v. State*, 263 Ga. 369, 372-374 (4) (434 SE2d 479) (1993). On July 19, 2005, Griffin filed a motion for a new trial, which he amended on August 10, 2009; the motion was denied on April 21, 2010. Griffin filed a notice of appeal on April 23, 2010, his appeal was docketed for the September 2010 term of this Court, and submitted for decision on the briefs.

*Bryant v. State*, 282 Ga. 631, 634 (3) (651 SE2d 718) (2007).

When the evidence was admitted, the trial court instructed the jury that it could be used for the limited purpose of showing "course of conduct, bent of mind, or knowledge or intent of the defendant with respect to the acts allegedly committed by him . . . ," and not for any other purpose.[2] Such are proper purposes, see *Barnes v. State*, 287 Ga. 423, 426 (3) (696 SE2d 629) (2010), and Griffin was identified in court as the one who gave Lockett the pistol in the prior incident. See *McKenzie v. State*, 274 Ga. 151 (3) (549 SE2d 337) (2001). "When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate [transaction] and the crime in question." *Phillips v. State*, 287 Ga. 560, 564 (4) (697 SE2d 818) (2010) (Citation and punctuation omitted.). In both instances, Griffin provided a pistol to one who was involved in an altercation, and that person used it to fire at another. And, the evidence was probative of the fact that Griffin intended the result that Bunkley shoot at the person who had offended him, as Lockett had done in the earlier instance. There was no abuse of discretion in admitting the challenged evidence.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*William J. Mason*, for appellant.

*Julia Fessenden Slater, District Attorney, Jennifer E. Dunlap, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

[2] This instruction was repeated in the final jury charge.