## S12A0877. ABSTON v. THE STATE.
(732 SE2d 50)

HUNSTEIN, Chief Justice.

Following a jury trial, appellant Steven Wayne Abston was convicted of malice murder and possession of a knife during the commission of certain crimes in connection with the stabbing death of his father, Jeffrey Abston. Abston appeals from the denial of his motion for new trial,[1] arguing that the circumstantial evidence

---

[1] The crimes occurred on or about August 16, 2006, and a Chatham County grand jury returned a true bill of indictment against Abston on November 15, 2006 charging him with murder, possession of a knife during the commission of certain crimes, financial transaction card theft, and five counts of financial transaction card fraud. Prior to trial, Abston pled guilty to five counts of financial transaction card fraud. Abston was tried before a jury beginning on January 25, 2010, and on February 1, 2010, the jury returned its verdict finding him guilty of murder and possession of a knife during the commission of certain crimes and acquitting him of financial transaction card theft. On February 17, 2010, the trial court imposed a life sentence on the conviction for murder, a consecutive five-year sentence on the weapon possession conviction, and a concurrent two-year sentence on each of the financial transaction card fraud convictions. The motion for new trial, filed February 17, 2010 and amended July 25, 2011, was

presented at trial was insufficient to support his convictions. Discerning no error, we affirm.

The evidence at trial shows that Abston was staying with the victim at the time of the crimes. The victim suffered from tuberculosis, and an employee of the Chatham County Health Department made house calls to deliver medicine to him. After August 16, 2006, the employee was unable to reach the victim. He stopped by the victim's house on August 17 and on the morning of August 18, but no one answered the door. On the afternoon of August 17, the employee attempted to call the victim, and someone who claimed to be the victim but did not sound like him answered the phone and told the employee not to come to the house because he was about to leave. On August 18, the victim's daughter received an automated phone call from the victim's bank regarding fraud on the victim's account. She called the victim's house, and Abston answered the phone and told her the victim was not at home. The daughter's husband went to the victim's house at approximately 2:00 p.m. but was unable to contact him.

Later that day, Abston went to the other side of the duplex in which the victim lived and told the victim's neighbor that "my father's in the room cut to shreds." The neighbor called 911 after her fiancé went next door and found the victim's body in a bedroom. The victim had been stabbed or cut 30 to 40 times and strangled. Upon arriving, the police did not see signs of forced entry. They noticed a strong odor when they entered the house and observed a large amount of dried blood next to the mattress where the victim was found. Police searched a garbage can behind the house after a witness informed them that earlier that day, he had seen Abston rolling the garbage can from the front to the back of the house. Among the items recovered were a knife that matched a knife set in the victim's kitchen and the victim's wallet and identification card. The same witness also had observed Abston putting personal belongings into the trunk of his car. In the trunk, police found a pair of boots that were identified as belonging to Abston. There was blood on the soles and a blood droplet on the toe of the right boot. In a closet in the victim's house, police found a pair of size 32 jeans, the size Abston wears, also stained with blood. DNA testing confirmed that the blood on the jeans and boots was the victim's.

---

denied September 19, 2011. The trial court granted Abston's motion for an out-of-time appeal, and a notice of appeal was filed November 1, 2011. The appeal was docketed to the April term of this Court and submitted for decision on the briefs.

In the course of their investigation, the police learned that Abston began spending time with Dominique McGinley on the evening of August 16, 2006. Abston and one of McGinley's friends picked McGinley up and drove her to a hotel, where a group had gathered to smoke crack. When the drugs were gone, McGinley agreed to drive Abston to the victim's house so he could get money to purchase more drugs. When they arrived, McGinley waited in the car while Abston went inside. Abston came back after 15 minutes and told McGinley that it was going to be a while. McGinley waited in the car for approximately two hours. Abston finally came back to the car and told her the money was on the way. When Abston returned the next time, he had money and credit cards.

Later that night, the two returned to the victim's house to continue using drugs. At no point did McGinley see the victim. Abston told McGinley the victim was very ill and was sleeping. Several times, McGinley thought she heard Abston using a key to unlock the door and going in and out of the victim's room. In the morning, an alarm clock went off in the victim's room, and she heard Abston enter the room and turn it off. On August 17, 2006, Abston and McGinley used the victim's credit card to get money out of various ATMs and to purchase merchandise that could be traded for drugs. Abston also pawned a television and DVD player belonging to the victim. On August 18, McGinley sold a bottle of the victim's prescription pain pills at Abston's request.

Abston told police that the last time he saw the victim alive was on the evening of August 16, 2006 when he drove the victim to Dairy Queen and then dropped him off at the victim's house. Abston stated that when he came and went over the next two days, he thought the victim was in his room sleeping. Abston at first denied that anyone else had been to the house but then admitted that McGinley had been there. He later claimed that McGinley's friend, Craig Anderson, and another female were there briefly with McGinley. Abston stated that Anderson was frequently involved in thefts and that it would not surprise him if Anderson had killed the victim.

Abston argues that the State's circumstantial evidence failed to exclude every reasonable hypothesis save for his guilt. See OCGA § 24-4-6.

> [Q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save

that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.

(Citations and punctuation omitted.) *Brooks v. State*, 281 Ga. 514, 515-516 (1) (640 SE2d 280) (2007).

Abston contends that the evidence did not support the State's theory that the victim was killed on the evening of August 16, 2006 and failed to exclude the possibility that McGinley, Anderson, or someone in their circle of friends killed the victim. The evidence established that no one saw or spoke with the victim after August 16. The State presented evidence that Abston was motivated to kill the victim for drug money, had an opportunity to do so the first time he stopped by the victim's house with McGinley, and thereafter attempted to conceal the victim's whereabouts and evidence of the crimes. The State's physical evidence linked Abston to the crimes. There was evidence that the blood surrounding the victim was dry by the time Abston allegedly first discovered his body, and Abston provides no plausible explanation for the presence of the victim's blood on his jeans and boots that is consistent with his innocence. Reviewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient to exclude every reasonable hypothesis save that of Abston's guilt and to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Phillips v. State*, 287 Ga. 560, 562 (1) (697 SE2d 818) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Steven L. Sparger*, for appellant.

*Larry Chisolm, District Attorney, Frank M. Pennington II, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.