S12A1469. BLEVINS v. THE STATE.
(733 SE2d 744)

BLACKWELL, Justice.

Paul Franklin Blevins was tried by a Richmond County jury and convicted of the murder of Danny Jones, armed robbery, arson in the first degree, and several misdemeanor traffic offenses. Following the denial of his motion for new trial, Blevins appeals, contending only

---

that the evidence is insufficient to sustain his felony convictions. We disagree and affirm the judgment below.[1]

Viewed in the light most favorable to the verdict, the evidence shows that, early in the afternoon of April 5, 2007, Blevins was seen in the parking lot of a grocery store in south Richmond County. At that time, Blevins appeared to be uninjured, had no visible blood on his clothes or hands, and had what appeared to be beer. Jones, a 62-year-old retired educator, lived on a farm behind the grocery store, and he and Blevins were acquainted, Blevins having done work for Jones in the past. Later that afternoon, someone reported a fire at Jones's farm, and when firefighters responded, they found Jones lying in his yard, and his residence on fire.

The firefighters observed that Jones had cuts on the back of his head, that his skull was deformed, and that he was lying in a pool of blood. A bloodstained, two-by-four piece of lumber and a bloodstained fence post subsequently were discovered nearby. Jones died of his injuries, and the medical examiner later determined that the cause of his death was blunt force to the head, resulting in multiple skull fractures and injuries to his brain. The medical examiner also determined that Jones may have been wearing a watch shortly before his death. No watch, however, was found on his body.

Around the time the fire was reported, Blevins appeared at an Augusta pawn shop, where he attempted to pawn two electric saws, a watch, and a shotgun, all of which belonged to Jones. Blevins was noticeably intoxicated, and after he urinated on himself in the pawn shop, he left in a truck, which also belonged to Jones. An employee of the pawn shop took down the license plate number of the truck and reported the incident to law enforcement. Responding to this report, a deputy sheriff soon located Blevins driving the truck. After the deputy saw Blevins fail to maintain his lane, the deputy initiated a traffic stop. In the course of that stop, the deputy noted several open

---

[1] The events that form the basis for the convictions occurred on April 5, 2007. Blevins was indicted on June 19, 2007 and charged with malice murder, felony murder, armed robbery, arson in the first degree, and several traffic offenses. The trial commenced on February 2, 2009, and the jury returned its verdict on February 6, 2009, finding Blevins guilty on all counts. The felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Blevins was sentenced to imprisonment for life for malice murder, a consecutive term of imprisonment for life for armed robbery, a consecutive term of imprisonment for 20 years for arson in the first degree, and consecutive terms of imprisonment for 12 months each for three traffic offenses. Blevins filed an untimely motion for new trial on April 23, 2009, and the trial court denied that motion on November 17, 2011. Blevins then filed a notice of appeal on December 16, 2011, but in Case No. S12A0859, we dismissed that appeal as untimely. The trial court subsequently granted an out-of-time appeal to Blevins on April 16, 2012. Blevins timely filed a second notice of appeal on April 25, 2012, and the case was docketed in this Court for the September 2012 term and submitted for decision on the briefs.

containers of beer in the truck, and he observed that Blevins was intoxicated, had urinated on himself, and had cuts on his hands and blood on his shirt and the outside of his hands. At that point, the deputy arrested Blevins for driving under the influence.

When he was arrested, Blevins was found to be in possession of several items that belonged to Jones, including the watch that Blevins earlier had tried to pawn, some coins, and keys. Traces of Jones's blood were found on the watch, as well as on Blevins's shirt. Blevins agreed to an interview with an investigator, but he was unable to give a satisfactory, exculpatory explanation for his incriminating circumstances. Afterwards, he said to the investigator, "that watch is going to get me the chair, ain't it?"

When a conviction is based solely on circumstantial evidence, like the convictions in this case, the circumstantial evidence must "not only be consistent with the hypothesis of guilt, but [must also] exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. See also Merritt v. State, 285 Ga. 778, 779 (1) (683 SE2d 855) (2009). But not every hypothesis is a reasonable one; the evidence "need not exclude every conceivable inference or hypothesis — only those that are reasonable." Merritt, 285 Ga. at 779 (1) (citations omitted; emphasis in original). A reasonable hypothesis is one raised by the evidence. See Smith v. State, 284 Ga. 304, 306 (2) (667 SE2d 65) (2008). Whether an alternative hypothesis is reasonable is a question committed principally to the jury that heard the evidence, "and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." Phillips v. State, 287 Ga. 560, 562 (1) (697 SE2d 818) (2010) (citations and punctuation omitted).

As to his convictions for murder and armed robbery, Blevins argues that the bloodstained two-by-four and the fence post did not have any fingerprints on them, that no gloves were found, and that there were no marks, cuts, or scrapes on the inside of Blevins's hands when he was arrested. But the State's physical evidence, including Jones's blood on Blevins's shirt, links him to the crimes, and Blevins provides no plausible explanation for the presence of Jones's blood that is consistent with his innocence. See Abston v. State, 291 Ga. 531, 534 (732 SE2d 50) (2012). The circumstantial evidence also includes Blevins's unexplained possession of Jones's truck, watch, and other personal property, as well as the fact that Blevins was seen near the victim's residence and farm not long before the crimes were committed, and that Blevins was familiar with the victim and his property. See Phillips, 287 Ga. at 561 (1). And Blevins admitted that his

possession of Jones's watch might lead to his conviction. The evidence further suggests that the victim's watch was taken from his wrist near the time of his death. See *Weston v. State*, 276 Ga. 680, 681 (1) (580 SE2d 204) (2003). Compare *Fox v. State*, 289 Ga. 34, 36 (1) (b) (709 SE2d 202) (2011) (reversing armed robbery conviction where there was no evidence which might support an inference that the defendant had to confront the victim before taking her wallet from her house).

As to his conviction for arson, Blevins argues that there is no evidence of how the fire started, that no testimony links Blevins to any accelerant or ignition materials, and that it is mere speculation to say that he started the fire. But arson in the first degree, OCGA § 16-7-60, does not require the use of an accelerant or ignitable materials. See *Vega v. State*, 285 Ga. 32 (1) (673 SE2d 223) (2009). Moreover, fire investigators excluded certain potentially accidental causes of the fire, and they found that the fire, in fact, had two points of origin and that a kitchen drawer, which contained a large box of matches, had been opened before the fire. The circumstantial evidence also shows that whoever stole Jones's coins had to enter the residence, insofar as the coins were kept in Jones's bedroom. This evidence would authorize a jury to infer that the fire was set intentionally.

The evidence also would permit a jury to infer that the killing of Jones and the setting of the fire were proximate, both in place and time. Jones's body was found only 35 feet from his burning home. And the investigation of the crime scene revealed that blood found on Jones's hat had begun to dry, but was still mostly liquid, when Jones was found, suggesting that Jones was killed not long before he was found. There is no evidence to support the alternative explanation that soon after the murder, another wrongdoer came upon the victim's house and set the fire. As a result, the jury's rejection of that hypothesis is not unsupportable as a matter of law. See *Green v. State*, 283 Ga. 126, 130 (1) (657 SE2d 221) (2008); *Bryant v. State*, 282 Ga. 631, 634 (1) (651 SE2d 718) (2007).

Accordingly, we conclude that the evidence was sufficient to exclude every reasonable hypothesis other than Blevins's guilt and to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of malice murder, armed robbery, and arson in the first degree. *Jackson*, 443 U. S. at 319 (III) (B). See also *Abston*, 291 Ga. at 534; *Phillips*, 287 Ga. at 562 (1); *Weston*, 276 Ga. at 681 (1); *Green*, 283 Ga. at 130 (1).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012.

*Lucy J. Bell*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.