S13A0723. WILSON v. THE STATE.
(748 SE2d 385)

HUNSTEIN, Justice.

Appellant Ronnie Lee Wilson was convicted of felony murder and related crimes in connection with the July 2010 shooting death of Reginald Williams. Wilson appeals the denial of his motion for new trial, asserting insufficiency of the evidence and errors in the admission of a custodial statement and similar transaction evidence. Finding no error, we affirm.[1]

Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows. On July 26, 2010, Williams and his friend, Darrell Simmons, drove Simmons' car to the home of Gerald Johnson after receiving a phone call from Wilson seeking to purchase ecstasy pills. When Williams and Simmons arrived, Wilson emerged from Johnson's home and got into the back

---

[1] In February 2011, a Chatham County grand jury indicted Wilson as a recidivist on 14 counts in connection with Williams' death, which included malice murder, felony murder (four counts), possession of a firearm by a convicted felon, armed robbery, aggravated assault, hijacking a motor vehicle, and possession of a firearm during the commission of a felony (five counts). At the conclusion of a jury trial held October 25-28, 2011, Wilson was acquitted of malice murder but convicted of felony murder predicated on both aggravated assault and firearm possession by a convicted felon; he was also convicted of the two underlying felonies, as well as theft by taking (as a lesser included offense of hijacking a motor vehicle) and three counts of firearm possession during the commission of a felony. Wilson was sentenced to life in prison without the possibility of parole for felony murder, plus a ten-year concurrent term for theft by taking and a five-year consecutive term for firearm possession during the commission of a felony; the remaining convictions merged for sentencing purposes. A timely motion for new trial was filed in November 2011 and amended by new counsel in July 2012. The trial court denied the motion on November 13, 2012, and Wilson thereafter filed a timely notice of appeal. The appeal was docketed to the April 2013 term of this Court and was thereafter submitted for decision on the briefs.

seat of the car. At Wilson's request, Johnson came out to the car to visually inspect the drugs. After verifying the authenticity of the drugs, Johnson began to walk away, and an altercation between Williams and Wilson began. Wilson pulled out a gun and struck Williams in the face, Williams jumped over the seat on top of Wilson, and Simmons got out of the car. Moments later, both Johnson and Simmons heard a single gunshot from inside the vehicle. Williams stumbled out of the car, bleeding from a gunshot wound to his back, and fled until he collapsed in a neighboring yard. Wilson drove off in Simmons' car. Williams later died as a result of his wound, which was described by the medical examiner as a hard contact wound of the type that results from a gun being pressed tightly into the victim's body.

Johnson told investigators that Wilson admitted to him that he had shot Williams and that he knew it was wrong but had to do something because Williams was on top of him. In a recorded interview with law enforcement, Wilson gave varying accounts of the shooting, first implying that he had acted in self-defense, later stating that Simmons had fired the gunshot, and next claiming that there had been a fourth person in the car who had fired the shot. The State also presented evidence that Wilson had previously pled guilty to two counts of aggravated assault with intent to rob, in connection with the shooting death of an attempted armed robbery victim in 2005.

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Wilson was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Though none of the witnesses actually saw Wilson shoot Williams, Simmons and Johnson both testified that only Wilson and Williams were in the car at the time the gun was fired, and the forensic evidence was consistent with the conclusion that Wilson shot Williams while the two were entangled in a brawl in the back seat of the car.

2. Wilson contends that the trial court erred in admitting into evidence his audio- and video-recorded police interview, claiming it was induced by a hope of benefit and was thus inadmissible under former OCGA § 24-3-50.[2] That Code section provides that a confession is admissible only if "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." Id.

---

[2] Effective for trials commencing on or after January 1, 2013, OCGA § 24-3-50 was recodified, without substantive revision, as part of the new Georgia Evidence Code. See OCGA § 24-8-824 (Supp. 2012).

Where the facts surrounding a police interview are undisputed because the recorded interview is part of the appellate record, our review of the trial court's admissibility ruling is de novo. *Brown v. State*, 290 Ga. 865 (2) (a) (725 SE2d 320) (2012).

Wilson claims that police improperly induced his custodial statement when, in response to Wilson's plea at the outset of the interview to "help me out," the detective stated: "All right. What I've got to do before I can talk to you is read you your rights, OK?" We have made clear that the "hope of benefit" prohibited under OCGA § 24-3-50 must arise from a promise regarding a reduced sentence or lesser charges. See *Brown v. State*, 290 Ga. at 868-870 (2). Wilson does not allege, nor does the record reflect, that police made any promises, explicit or implicit, related to leniency in charges or sentence. The noncommittal statement about which Wilson complains does not approach the type of promise that would render a defendant's statement involuntary. Compare *Canty v. State*, 286 Ga. 608 (690 SE2d 609) (2010) (confession involuntary when induced by possibility of shorter term of imprisonment); *State v. Ray*, 272 Ga. 450, 452 (2) (531 SE2d 705) (2000) (confession involuntary when induced by implied promise that confession could save accused from death penalty and result in "years of freedom"). This enumeration is without merit.

3. Wilson also contends that the trial court erred in admitting evidence regarding Wilson's 2005 guilty plea on two counts of aggravated assault with intent to rob.

> Before evidence of independent acts may be admitted into evidence, the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.

(Citation and punctuation omitted.) *Abdullah v. State*, 284 Ga. 399, 401 (3) (667 SE2d 584) (2008). We review the trial court's decision to allow similar transaction evidence for abuse of discretion. *Moore v. State*, 288 Ga. 187 (3) (702 SE2d 176) (2010).

Here, the trial court admitted evidence regarding Wilson's guilty plea for the limited purpose of establishing his course of conduct, which was a proper purpose for the admission of such evidence at the time of Wilson's trial. See *Harvey v. State*, 292 Ga. 792 (2) (741 SE2d

625) (2013); *Barnes v. State*, 287 Ga. 423 (3) (696 SE2d 629) (2010).[3] The trial court expressly instructed the jury to consider the evidence for this purpose alone. In addition, there was no question as to Wilson's involvement in the prior crime, given that he pled guilty to it. See id. With regard to the similarities between the incidents, the evidence reflected that both incidents involved the shooting and pistol-whipping of unarmed victims who were targeted for robbery due to their known propensity to carry substantial cash; both incidents took place in the neighborhood in which Wilson was living at the time, and in both instances Wilson fled the scene and later admitted being present but denied being the attacker. In light of these similarities, we find no error in the trial court's admission of the similar transaction evidence. See *Moore*, supra, 288 Ga. at 191 (3); *Abdullah*, supra, 284 Ga. at 401 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Ryan S. Raines*, for appellant.

*Meg E. Heap, District Attorney, Thomas M. Cerbone, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.

---

[3] We note that the rules for admissibility of independent crimes or acts have changed with the enactment of the new Georgia Evidence Code. See OCGA § 24-4-404 (b).