**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A1108. COBB v. THE STATE.

MCFADDEN, Judge.

Brandon Lee Cobb appeals his conviction for aggravated assault. Cobb argues that the evidence was insufficient to support his conviction; that trial counsel was ineffective in failing to call a sign language interpreter as a witness and in failing to object to the prosecution's use of the phrase "drive-by shooting" in closing argument; and that he is entitled to a new trial because of the prosecution's use of this phrase. However, because the evidence was sufficient, Cobb has abandoned his closing-argument related claims, and the decision not to call the interpreter was a reasonable strategic decision, we affirm.

1. *Background.*

"On appeal [of a criminal conviction] the evidence must be viewed in the light most favorable to support the verdict, and [Cobb] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997) (citation omitted). So viewed, the evidence shows that Cobb drove several individuals to a house party in exchange for gas money. The house was located on a cul-de-sac. Following an argument at the party, the homeowner told Cobb and his passengers to leave and escorted them to Cobb's SUV. The homeowner saw a handgun between the driver's and passenger's seats of Cobb's SUV. Cobb and his passengers drove out of the neighborhood but returned soon after leaving.

Cobb drove back towards the party with his headlights on, turned around in the cul-de-sac, and drove slowly back towards the party with his headlights off. As he drove by the party, his passengers fired into the party from the open back window of the SUV. The homeowner's brother returned fire. A bystander was struck by a bullet during the exchange.

Cobb rapidly accelerated into the back of a car parked on the street, injuring a passenger in that car. Cobb continued to drive, coming to a stop after exiting the

neighborhood when his SUV failed. Cobb's passengers fled while Cobb remained with his vehicle until police arrived. When police arrived, Cobb indicated that he was deaf and requested an interpreter, but one was not available, so the police communicated with him in writing.

At Cobb's first trial, he was convicted of reckless conduct and leaving the scene of an accident, and acquitted of two counts of aggravated assault. The jury did not reach a verdict on two more counts of aggravated assault, and the trial court declared a mistrial on these counts. At Cobb's second trial, a jury found him guilty of one count of aggravated assault.

2. *Sufficiency of the evidence.*

Cobb argues that the evidence was insufficient to support his conviction as a party to the crime. Specifically, he argues that the circumstantial evidence of his guilty intent was insufficient because it supported reasonable alternative hypotheses. We disagree. A conviction may rely on circumstantial evidence when the evidence "exclude[s] every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6. Whether a hypothesis is reasonable is a question for the jury "and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate

3

court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Blevins v. State*, 291 Ga. 814, 816 (733 SE2d 744) (2012) (citation and punctuation omitted).

The evidence here authorized the jury to exclude Cobb's alternative hypotheses. The state relied on evidence that Cobb returned to the neighborhood, turned his head lights off, opened his back window, and drove slowly past the party before speeding away to support the inference that Cobb knew of his passengers' intent to commit a crime.

Cobb argues that he drove past the party after being ejected in order to exit the neighborhood – ignoring the testimony that he already had left the neighborhood and returned; that he forgot to turn on his head lights; that the back window failed to close after he had opened it earlier that evening – ignoring testimony that the window opened as he slowly drove toward the party with his lights off after turning around in the cul-de-sac; and that he drove slowly to ensure the safety of those in the street. The evidence does not "support the alternative explanation[s] . . . . As a result, the jury's rejection of [those] hypothes[e]s is not unsupportable as a matter of law." *Blevins*, supra, 291 Ga. at 817.

3. *Closing argument.*

4

Cobb argues that he is entitled to a new trial because of the state's referring to the incident as a "drive-by shooting" in closing arguments. He argues that the phrase introduced facts not in the evidence and was intended to inflame the jury. However, closing arguments were not transcribed and Cobb has failed to supplement the record with them:

> Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review. Therefore, due to the omission of closing arguments from the transcript, we cannot review this enumeration of error.

*Hurston v. State*, 278 Ga. App. 472, 476-477 (4) (629 SE2d 18) (2006) (citation omitted).

4. *Assistance of counsel.*

Cobb argues that his trial counsel was ineffective because she did not call a sign language interpreter to testify about Cobb's limited ability to communicate and she failed to object to the state's use of the phrase "drive-by shooting" in closing argument. These claims of error are without merit. Whether trial counsel was ineffective is governed by a two-prong test that requires proof of (1) deficient

5

performance of counsel and (2) prejudice arising from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (III), 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984).

Trial counsel's decision not to call the sign language interpreter was not ineffective. "(I)t is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics. And tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances." *Perdue v. State*, 298 Ga. 841, 845 (3) (785 SE2d 291) (2016) (citation and punctuation omitted).

At the motion for new trial hearing, trial counsel explained that she chose not to call the interpreter based on the state's change in tactics between the first and the second trials. At the first trial, Cobb called the interpreter for two purposes: to refute the state's contentions about Cobb's ability to communicate and to rebut the testimony of a responding officer that he believed that Cobb could read lips.

At the second trial, the responding officer did not testify that Cobb was able to read lips. Further, Cobb presented expert testimony about his severe to profound hearing loss, and Cobb himself testified that he could not read lips. Counsel testified

that because the state had changed strategies, "it wasn't a necessity to have to put [the interpreter] back up again." Cobb has not shown that trial counsel's decision not to call the interpreter was an unreasonable decision that no competent attorney would have made under similar circumstances. *Perdue*, 298 Ga. at 845 (3).

As to Cobb's claim that counsel was ineffective for failing to object to the use of the phrase "drive-by shooting," as noted in Division 3, the closing arguments were not transcribed. "Speculation that error may have occurred is insufficient to show any deficiency on the part of counsel, or prejudice therefrom, and is insufficient to show reversible error." *Parrott v. State*, 330 Ga. App. 801, 805-806 (3) (a) (769 SE2d 549) (2015).

*Judgment affirmed. Miller, P.J., and McMillian, J., concur.*